# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 10-330 (ESH) |
| | ) | |
| DAMIEN M. WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is defendant Damien Williams' *pro se* "Motion for 2 Point Reduction of Federal Sentence Under 18 U.S.C. § 3582(c)(2)." (Def.'s Mot., Mar. 28, 2019, ECF No. 43.) For the reasons stated herein, the motion is denied.

Defendant was convicted in 2011 of one count of unlawful distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(iii). (*See* Judgment, Sept. 6, 2011, ECF No. 18.) At sentencing, the Court determined that defendant was a career offender under § 4B1.1 of the Sentencing Guidelines, which resulted in an offense level of 31, a Criminal History Category of VI, and a sentencing range of 188 to 235 months imprisonment. However, pursuant to a Rule 11(c)(1)(C) plea agreement, the Court imposed a sentence of 144 months imprisonment. (*Id*. at 2; Amended Plea Agreement, ECF No. 14.)

Generally, a sentencing court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, § 3582(c) sets forth a limited number of exceptions to that general rule, and § 3582(c)(2) allows a court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing*

*range that has subsequently been lowered* by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(2) (emphasis added).

In 2014, defendant filed his first motion pursuant to 18 U.S.C. § 3582(c)(2). (*See* Def.'s Mot. for Reduction of Sentence, Dec. 3, 2014, ECF No. 32.) The motion sought a reduced term of imprisonment in light of the Sentencing Commission's adoption of Amendment 782, which retroactively lowered the base offense levels for most drug offenses, as set forth in § 2D1.1 of the Guidelines. These reduced offense levels, in turn, resulted in lower sentencing ranges. The Court denied the motion because even though defendant was convicted of a drug offense, his "sentencing range" was determined by the career offender guideline, § 4B1.1, not by the drug offense guideline, § 2D1.1. (*See* Order at 1-2, Jan. 19, 2018, ECF No. 41.) Thus, his "sentencing range" was not "lowered" by Amendment 782, and he was not eligible for a reduction under § 3582(c)(2). (*Id*.)

Defendant has now filed a second motion seeking a reduced term of imprisonment pursuant to § 3582(c)(2). In this motion he asserts that he is entitled to a two-point reduction in his offense level in light of the Supreme Court's decision in *United States v. Hughes*, 138 S. Ct. 1765 (2018).

In *Hughes*, the Supreme Court considered whether a defendant who was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement was precluded from seeking a reduced term of imprisonment under § 3582(c)(2) on the ground that a sentence pursuant to an 11(c)(1)(C) plea agreement was not "based on" a Guidelines sentencing range. *Id*. at 1773. The Court rejected that view, holding that "in the usual case the court's acceptance of a [Rule 11(c)(1)(C) plea]

2

agreement and the sentence to be imposed pursuant to that agreement are 'based on' the defendant's Guidelines range." *Id*. at 1776. A defendant should only be barred from seeking relief, the Court held, "[i]f the Guidelines range was not a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement." *Id.* at 1776 (internal quotations and citations omitted).

The Supreme Court's decision in *Hughes*, however, removes only one of the possible obstacles to defendant's eligibility for a sentence reduction under § 3582(c)(2). Even assuming that defendant's 11(c)(1)(C) plea agreement was "based on" his Guidelines sentencing range, he remains ineligible for a § 3582(c) sentence reduction because his sentence must also be "based on a sentencing range that has subsequently been *lowered* by the Sentencing Commission." 18 U.S.C. 3582(c)(2) (emphasis added). In *Hughes*, this requirement was satisfied because the defendant's sentencing range was based on the drug quantity Guidelines that were revised by Amendment 782. Here, though, defendant's sentencing range is based on the career offender Guideline, and thus this requirement is not satisfied. *See, e.g.*, *United States v. Dodds*, 772 F. App'x 733, 735–36 (10th Cir. 2019) (defendant sentenced pursuant to 11(c)(1)(C) plea agreement was not eligible for § 3582(c) sentence reduction where career offender, not drug quantity, Guideline determined his sentencing range). As the Court previously explained:

> Amendment 782, had it been in effect, would not have altered [defendant's] range because the starting point for calculating defendant's total offense level was not based on drug quantity under U.S.S.G. § 2D1.1, but rather was determined by the offense level for career offenders under U.S.S.G. § 4B1.1. Thus, his "sentencing range" is controlled by the career offender provision in the Guidelines and is unaffected by Amendment 782. *See United States v. Tepper*, 616 F.3d 583, 588 (D.C. Cir. 2010) ("[Section] 3582(c) does not authorize a district court to reduce a career offender's term of imprisonment based on . . . amendments to the crack cocaine guidelines.").

3

(1/19/2018 Order at 2.) The same holds true today. Because there has been no change in the career offender Guideline, defendant's sentencing range has not been lowered, and he is not eligible for a reduction under § 3582(c).

Accordingly, it is hereby **ORDERED** that defendant's motion for a two-point reduction pursuant to § 3582(c)(2) is **DENIED**.

                                                                                                 /s/ Ellen S. Huvelle
                                                       ELLEN S. HUVELLE
                                                       United States District Judge

Date: November 15, 2019